**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 15-02264** |
| WOMETCO DE PUERTO RICO INC<br>MANTECADOS WOMETCO INC | **Chapter 11** |
| **Consolidated Debtor(s)** | |
| | **FILED & ENTERED ON 01/12/2016** |

## <u>OPINION & ORDER</u>

Before this Court is a *Motion for Allowance of Administrative Payment Pursuant to 11 U.S.C. sec. 503(b)(9)* filed by Creditor, Puerto Rico Electric Power Authority (hereinafter "PREPA"), the *Debtors' Objection* and *PREPA's Reply* [Dkt. No's 125, 150 & 288 respectively]. For the reasons set forth below, PREPA's motion for allowance of an administrative payment is GRANTED.

### I.    Factual and Procedural Background

PREPA filed its *Motion for Allowance of Administrative Payment Pursuant to 11 U.S.C. sec. 503(b)(9),* on June 23, 2015 (Dkt. No. 125). In its motion, PREPA alleges that, 1) it sold and delivered electricity to Debtors, 2) in Debtors' ordinary course of business, and 3) during the twenty (20) days prior to the commencement of Debtors' bankruptcy cases. PREPA is requesting the value of $94,932.27 for electricity sold to Debtors during the twenty day period before filing (Dkt. No. 125, Exhibit 1). PREPA also alleges and requests that electricity is a "good" for purposes of 11

1

U.S.C. § 503(b) (9), therefore, PREPA should be entitled to an administrative expense claim for the value of the electricity sold to Debtor under section 503(b) (9) of the Bankruptcy Code.

Following some procedural turns not relevant to our analysis, Debtor's objection argues that the case law is split on whether electricity is a good. Although "goods" is not defined in the Bankruptcy Code, bankruptcy courts have adopted the definition in Article 2 of the Uniform Commercial Code ("UCC"). Debtor relies primarily on the holding in In re NE Opco, Inc., 501 B.R. 233, (Bankr. D. Del. 2013) which concluded that electricity is not a good under Section 503(b)(9) and Article 2 of the UCC. The court in NE Opco, Inc., found that in order for electricity to be a good, there must be a period between when electricity is identifiable and consumed. This period between identification and consumption must be meaningful. This is not the case with electricity. Moreover, Debtor argues that electricity is not a "good" under the UCC's definition, and therefore not a "good" for purposes of section 503(b)(9), because it is not similar to other things considered a "good" under the UCC's definition, such as water and gas.

## II.      Legal Analysis

### The applicable legal standard

The "meaning of section 503 (b) (9) begins with the language of the statute itself." In re Erving Indus., Inc., 432 B.R. 354, 361 (Bankr. D. Mass. 2010) (citations omitted). … (b) After notice and a hearing, there shall be allowed administrative expenses ... including— … (9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." In re PMC Mktg. Corp., 517 B.R. 386, 391 (B.A.P. 1st Cir. 2014) citing 11 U.S.C. § 503

2

(b) (9). Such administrative claims refer only to "the value of ... *goods*" and not services. In re PMC Mktg. Corp., 517 B.R. at 391; In re Erving Indus., Inc., 432 B.R. at 361.

Jurisprudence has indicated that for the court to allow an administrative claim, the claimant must establish: (1) the vendor sold the goods to the debtor; (2) the goods were received by the debtor within the twenty days before filing, and (3) the goods were sold to the debtor in the ordinary course of business. In re PMC Mktg. Corp., 517 B.R. at 391 (citations omitted). Also, the claimant bears the burden of establishing that such claim qualifies for priority status. In re PMC Mktg. Corp., 517 B.R. at 391(citation and internal quotation omitted).

**Goods under 11 U.S.C. § 503 (b) (9)**

"A proper analysis of whether electricity constitutes a "good" for purposes of § 503 (b) (9) administrative priority must begin with an analysis of the term "good" itself." In re PMC Mktg. Corp., 517 B.R. at 394. The Bankruptcy Appellate Panel has distinguished that in the absence of a definition of the term "goods" under the Bankruptcy Code, it is widely accepted by courts to include the definition of such term under Article 2 of the UCC. In re PMC Mktg. Corp., 517 B.R. at 391 (citation and internal quotations omitted).

"*Goods* means all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale … and things in action." Unif. Commercial Code § 2-105 (1). Furthermore, the UCC statute identifies the goods such as: 1) things, specially manufactured goods which are movable at the time of the identification to the contract for sale …, and things in action. And, 2) goods must be both existing and identified before any interest in them can pass. Unif. Commercial Code § 2-105 (2). Furthermore, a utility can be the seller of goods, not just services

under 11 U.S.C. § 366. In re PMC Mktg. Corp., 517 B.R. at 393.

The court is persuaded by with the criteria established in In re Erving Indus., Inc., to determine if electricity is considered a "good" rather than a "service." Firstly, it is considered that electricity is tangible, a product that can be qualified as the property of a person. It possesses physical properties, it is a movable thing, something that can be created, measured, and stored, in contrast to intellectual property. In re Erving Indus., Inc., 432 B.R. at 369. Also, the court in *Erving* considered electricity as "not merely a medium of delivery, but *the thing* the customer seeks to purchase." In re Erving Indus., Inc., 432 B.R. at 368. And secondly, in accordance with the mobility at the time of identification to the contract, it is noted that electricity is metered before it is consumed. In re Erving Indus., Inc., 432 B.R. at 370. "Electricity is identifiable because it can be measured at the point it passes through the meter, and it remains in motion until it reaches the product to be electrified." In re Erving Indus., Inc., 432 B.R. at 370. Contrary to Debtor's assertion, nothing in the definition of "goods" provided by Article 2 of the UCC requires that, for something to be a "good," it remain moveable for any predetermined amount of time. Article 2 of the UCC defines "goods" as "all things that are moveable at the time of identification to a contract for sale." UCC § 2-105(1). Said definition only requires that the thing be moveable at the time of identification to a contract for sale in order for it to be a "good." Nothing more, nothing less. Therefore, pursuant to the express language of the UCC's definition of "goods," a thing is a "good" as long as it is moveable at the time of identification to a contract for sale, regardless of whether it remains moveable for eternity or for an infinitesimal amount of time thereafter. This Court further concludes that because electricity is movable at the time of identification to the contract, the purchased electricity constitutes a *good*

under 11 U.S.C. § 503 (b) (9).

**III.    Conclusion**

WHEREFORE, IT IS ORDERED that PREPA's *Motion for Allowance of Administrative Payment Pursuant to 11 U.S.C. sec. 503(b)(9)* (Dkt. No. 125) shall be, and it hereby is, GRANTED.

SO ORDERED

San Juan, Puerto Rico, this 12th day of January, 2016.

Brian K. Tester
U.S. Bankruptcy Judge